IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANTE BURTON,                       :
         Plaintiff,           :
    v.                              :   Case No. 3:09-cv-324-KAP
SUPERINTENDENT GERALD ROZUM,        :
S.C.I. SOMERSET, et al.,            :
         Defendants           :

### Memorandum Order

Plaintiff, an inmate at S.C.I. Somerset, filed a civil complaint. Screening it under 28 U.S.C.§ 1915A, the complaint is dismissed without leave to amend for failure to state a claim.

Plaintiff alleges that defendant employees of the Pennsylvania Department of Corrections violated his constitutional rights by retaliating against him for successfully grieving his loss of sweatshirt and sweatpants. The grievance process, which resulted in plaintiff being compensated for the loss of his sweats, took place between March 31, 2009 and May 12, 2009. The retaliation, plaintiff alleges, took place on May 20, 2009, when plaintiff was moved from E-unit to J-Block.

After Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003), the three elements of a retaliation claim are: (1) that the plaintiff took some action itself protected by the constitution; (2) that the defendant took adverse action against the plaintiff **sufficient to deter a person of ordinary firmness from persisting in his conduct**; and (3) that there was a causal connection between the plaintiff's protected conduct and the adverse action. If plaintiff produces evidence sufficient to establish a prima facie

case, a defendant may still prove the affirmative defense that he "would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d 330, 334 (3d Cir.2001).

Plaintiff's complaint further alleges that although the defendants both admitted and denied that they were transferring him to maintain racial balance throughout the prison, this explanation was (or these explanations were) pretextual. Plaintiff also alleges that defendant Rozum both approved compensation for plaintiff then retaliated against him for no reason whatsoever. It is unnecessary to go so far into the record of this matter to try to explain these matters because a transfer from one area of a prison to another, which is the only constitutionally significant adverse action alleged by plaintiff, is as a matter of law insufficient to deter any person from pursuing his constitutional rights. A corrections officer verbally abusing plaintiff, skipping him for a meal, or assigning him to an undesirable job are all deplorably unprofessional but like plaintiff's allegations are too petty to rise to the level of constitutional significance. Compare Barr v. Diguglielmo, 2009 WL 3326137 (3d Cir.2009)(assigning inmate status prohibiting him from "participating in *any* prison activities" (emphasis in original) may be sufficient to deter a person of ordinary firmness from exercising his rights). Plaintiff cannot make out a prima facie case of retaliation.

        The complaint is dismissed. The Clerk shall mark this matter closed.

DATE: _5 February 2010_           _/s/ Keith A. Pesto_

                                                  Keith A. Pesto,
                                                United States Magistrate Judge

Notice by U.S. Mail to:

    Dante Burton DU-7774
    S.C.I. Somerset
    1600 Walters Mill Road
    Somerset, PA 15510